

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3864
Re: Issuance of warrant payable
to Assistant County Attorney
for examining trial fees

You have presented to this department a request for our opinion upon the question of whether you would be authorized to issue a warrant payable to the Assistant County Attorney of Dallam County for examining trial fees.

The population of Dallam County according to the most recent Federal Census is 6,494, and the County Attorney is on the fee basis. On April 14, 1941, by order of the commissioners' court of Dallam County, Texas, the Honorable Floyd H. Richards, County Attorney, was authorized to employ A. Wendell Salyars as Assistant County Attorney for that county. You further advise that Mr. Richards then entered the service of the United States Army and is now serving in the Army and Mr. Salyars is acting in his absence as County Attorney for Dallam County and as such has filed claim with your department for examining trial fees.

No facts are stated in your letter warranting the inference that Mr. Richards, County Attorney, has vacated his office as such. This opinion, then, proceeds upon the assumption that Mr. Richards, though now serving in the United States Army, still legally retains the office of County Attorney, and that while Mr. Salyars purportedly is acting as County Attorney in Mr. Richards' absence, nevertheless his real status is that of Assistant County Attorney.

Article 3902, Vernon's Revised Civil Statutes, provides:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his

duties he shall apply to the county commissioners' court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensations to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the commissioners' court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

"1. In counties having a population of twenty-five thousand (25,000) or less inhabitants, first assistant or chief deputy not to exceed Eighteen Hundred ($1800.00) Dollars per annum; other assistants, deputies or clerks not to exceed Fifteen Hundred ($1500.00) Dollars per annum each.

". . . ."

Article 3891, Vernon's Revised Civil Statutes, provides in part as follows:

"Each officer named in this chapter shall
first, out of the current fees of his office
pay or be paid the amount allowed him under the
provisions of Article 3883, together with the
salaries of his assistants and deputies, and
authorized expenses under Article 3899, and the
amount necessary to cover costs of premium on
whatever surety bond may be required by law.  If
the current fees of such office collected in any
year be more than the amount needed to pay the
amounts above specified, same shall be deemed
excess fees, and shall be disposed of in the man-
ner hereinafter provided.

"  .  .  .  "

Article 3897, Vernon's Revised Civil Statutes, pro-
vides:

"Each district, county and precinct offi-
cer, at the close of each fiscal year (Decem-
ber 31st) shall make to the district court of
the county in which he resides a sworn state-
ment in triplicate (on forms designed and ap-
proved by the State Auditor) a copy of which
statement shall be forwarded to the State Audi-
tor by the clerk of the district court of said
county within thirty (30) days after the same has
been filed in his office, and one copy to be
filed with the county auditor, if any; other-
wise said copy shall be filed with the Commis-
sioners' Court.  Said report shall show the
amount of all fees, commissions and compensa-
tions whatever earned by said officer during
the fiscal year; and secondly, shall show the
amount of fees, commissions and compensations
collected by him during the fiscal year; thirdly,
said report shall contain an itemized statement
of all fees, commissions and compensations earn-
ed during the fiscal year which were not collect-
ed, together with the name of the party owing
said fees, commissions and compensations.  Said
report shall be filed not later than February
1st following the close of the fiscal year and
for each day after said date that said report

remains not filed, said officer shall be liable
to a penalty of Twenty Five ($25.00) Dollars,
which may be recovered by the county in a suit
brought for such purposes, and in addition said
officer shall be subject to removal from office."

Article 3899, Vernon's Revised Civil Statutes, pro-
vides in part as follows:

"At the close of each month of his tenure
of office each officer named herein who is com-
pensated on a fee basis shall make as part of
the report now required by law, an itemized and
sworn statement of all the actual and necessary
expenses incurred by him in the conduct of his
office, such as stationery, stamps, telephone,
premiums on officials' bonds, including the cost
of surety bonds for his Deputies, premium on
fire, burglary, theft, robbery insurance pro-
tecting public funds, traveling expenses and
other necessary expenses. ... The amount of
such salaries paid to Assistants and Deputies
shall also be clearly shown by such officer, giv-
ing the name, position and amount paid to each;
and in no event shall any officer show any great-
er amount than actually paid any such Assistant
or Deputy. The amount of such expenses, to-
gether with the amount of salaries paid to
Assistants, Deputies and Clerks shall be paid
out of the fees and by such officer. ..."

Article 1020, V. R. C. C. P., provides that district
and county attorneys, for attending and prosecuting each felony
case before an examining court, shall be paid by the State a fee
of $5.00.

From an examination of the above quoted Articles, it
appears that the Assistant County Attorney is not entitled to
collect examining trial fees in his own right, but that such
fees are due the principal officer, to-wit, the County Attorney,
by whom the Assistant County Attorney is to be paid for the
services he may render, in accordance with the order of the
commissioners' court. It is also to be observed that the duty
devolves upon the principal officer, the County Attorney, to
render to the County an accounting of the fees received by him.

Honorable George H. Sheppard, page 5

You are therefore advised that in our opinion the warrant for examining trial fees should be made payable to Floyd H. Richards, County Attorney, Dallas County, Texas, rather than to A. Wendell Salyars, Assistant County Attorney of Dallas County, Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

RWF:db

APPROVED SEP 10, 1941

acting ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY CHAIRMAN